UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**VILLA COURT LLC**,

    Plaintiff,

v.                                                             2:23-cv-870-SPC-NPM

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY**,

    Defendant.

---

### ORDER GRANTING IN PART MOTION TO COMPEL

In this breach-of-insurance-contract case arising from property damage after Hurricane Ian, defendant Westchester Surplus Lines Insurance Company moves to compel better responses to its discovery requests and seeks an expense-of-motion award. (Doc. 18). Westchester served written discovery on plaintiff Villa Court LLC on January 15, 2024. After multiple extensions, Villa Court untimely responded. In addition to the interrogatory answers being unverified, Westchester takes issue with the adequacy of several such answers. Westchester also believes several documents responsive to its document requests are missing. Conferral efforts proved unsuccessful, so Westchester filed the present motion. Villa Court chose not to respond, so the motion is treated as unopposed. *See* M.D. Fla. R. 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Westchester's first interrogatory requested that Villa Court identify witnesses with knowledge of the property damage. Villa Court responded only with "People's Public Adjuster has knowledge of the damages." This answer is inadequate. Not only does it fail to identify an individual by name or otherwise respond to the interrogatory but there are likely other witnesses. As Westchester observes, the subject property is an assisted-living facility, so a host of individuals and entities likely have knowledge about the property damage.

Westchester also takes issue with Villa Court's answer to the second interrogatory, which directed Westchester to the public adjuster's estimate. The court finds no issue with this answer given the interrogatory explores the monetary amount Villa Court is seeking. This information is obtainable from the adjuster's estimate. *See* Fed. R. Civ. P. 33(d); M.D. Fla. Discovery Handbook § III.A.10 (2021). And Westchester's third interrogatory, which seeks specific descriptions of the alleged property damage, is better explored by deposition.

The fourth interrogatory asked Villa Court to identify the specific policy provisions that it claims Westchester breached and provide all factual support. In other words, Westchester seeks the sort of "detailed narrative of the opposing parties' case" that this district's discovery handbook indicates "are generally improper because they are overbroad and oppressive." *See* M.D. Fla. Discovery Handbook § IV.C.2. So an answer to this interrogatory is not warranted.

Next, Westchester's fifth interrogatory explored whether Villa Court has repaired any of the damaged property. If so, it requested a description of any such repairs, the date(s) of the repairs, and the contractor who made the repairs. Villa Court responded simply with "Plaintiff replaced the roof" and again directed Westchester to the public adjuster's estimate. But the requested information is not the sort of material that would be included in an adjuster's estimate. So this answer is insufficient.

Finally, the eighth interrogatory inquired whether Villa Court assigned any part of its insurance claim to a third party. Villa Court stated that it "cannot recall." This is not an adequate answer. As such, by **August 8, 2024**, Villa Court must provide **verified** answers to Westchester's interrogatories, which must include complete answers to interrogatories 1, 5, and 8. *See* Fed. R. Civ. P. 33(b)(3) (explaining interrogatories are to be answered "fully" and "under oath").

Westchester also takes issue with Villa Court's document production. The discovery handbook outlines what is expected of a party responding to a document request. This includes counsel's prompt conferral with their client and taking reasonable steps to ensure all responsive documents are obtained. M.D. Fla. Discovery Handbook § III.A.4-5. Given Villa Court only produced documents that its counsel already possessed pre-suit and noticeably excludes any email correspondence, it appears Villa Court did not make reasonable efforts to respond to

Westchester's document requests. And because Villa Court did not respond to the motion, there is no suggestion otherwise. So by **August 8, 2024**, Villa Court must produce all responsive, non-privileged documents and a privilege log for anything withheld.

Turning now to Westchester's request for an expense-of-motion award. Rule 37(a)(5)(A) provides that when a court grants a motion to compel, it must award the moving party its expenses related to the motion, including attorney's fees, unless any such award would be unjust. And with no response to the motion, it cannot be said that such an award would be unjust—especially given the scope of relief that has been granted. By **August 8, 2024**, Westchester may file a declaration delineating its fees and expenses related to preparing this motion, or it may file a notice certifying the parties have resolved the expense-of-motion award. Within fourteen (14) days of the filing of any such declaration, Villa Court may file a response discussing the reasonableness of the fees and expenses requested but not Westchester's entitlement to them.

                                                **ORDERED** on July 25, 2024.

                                                NICHOLAS P. MIZELL
                                                United States Magistrate Judge